05 - 187
Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | Delaware |
|---|---|---|
| Name (under which you were convicted): JAMES ST. Louis | | Docket or Case No.: |
| Place of Confinement: DCC SMYRNA | | Prisoner No.: 00446518 |
| Petitioner (include the name under which you were convicted) JAMES ST. Louis | v. | Respondent (authorized person having custody of petitioner) THOMAS CARROLL |
| The Attorney General of the State of | JANE BRADY | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Superior Court Sussex Georgetown Delaware 19947
   (b) Criminal docket or case number (if you know): 0009015005
2. (a) Date of the judgment of conviction (if you know): 5/01/2001
   (b) Date of sentencing: 6/22/2001
3. Length of sentence: 40 years suspended after 22 + probation
4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐
5. Identify all crimes of which you were convicted and sentenced in this case: Rape 1st <12 Cont. Sex Abuse

6. (a) What was your plea? (Check one)
   (1) Not guilty ☒   (3) Nolo contendere (no contest) ☐
   (2) Guilty ☐       (4) Insanity plea ☐
   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

FILED
MAR 28 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(c) If you went to trial, what kind of trial did you have? (Check one)
    Jury ☑    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
    Yes ☑ No ☐

8. Did you appeal from the judgment of conviction?
    Yes ☑ No ☐

9. If you did appeal, answer the following:
    (a) Name of court: _Supreme (direct)_
    (b) Docket or case number (if you know): _____
    (c) Result: _denied_
    (d) Date of result (if you know): _per docket 6/13/2002_
    (e) Citation to the case (if you know): _____
    (f) Grounds raised: _double jeopardy_

    (g) Did you seek further review by a higher state court?   Yes ☑ No ☐
        If yes, answer the following:
        (1) Name of court: _Superior (post conviction)_
        (2) Docket or case number (if you know): _____
        (3) Result: _denied_

        (4) Date of result (if you know): _9/22/2002_
        (5) Citation to the case (if you know): _____
        (6) Grounds raised: _Prosecutor misconduct / Violation of Due Process / Violation of Rule 603 / Violation of Del Code 3507 & 3511 3508 & 3509 / Violation of Supreme Court Rule 15 & 30 Violation of Professional Conduct / Ineffective / Confrontati._
    (h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐ No ☑
        If yes, answer the following:
        (1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

   Yes ❑   No ☑

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: _____

   (2) Docket or case number (if you know): _____

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: _____

   (5) Grounds raised: _____

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?   Yes ❑   No ❑

   (7) Result: _____

   (8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court: _____

   (2) Docket or case number (if you know): _____

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: _____

   (5) Grounds raised: _____

   _____
   _____
   _____

_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ❏    No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ❏    No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First petition:    Yes ❏    No ❏
   (2) Second petition:    Yes ❏    No ❏
   (3) Third petition:    Yes ❏    No ❏

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
_____
_____
_____

Page 6

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: *Confrontation Clause / prosecutor misconduct / showing ineffectiveness*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*see attached*

(b) If you did not exhaust your state remedies on Ground One, explain why: *exhausted*

(c) Direct Appeal of Ground One:

   (1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☐  No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: *Ineffective failure to raise*

(d) Post-Conviction Proceedings:

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☒  No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: *post conviction relief*
   Name and location of the court where the motion or petition was filed: *Superior Court Georgetown De.*

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

    Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Supreme Court Dover De.*

Docket or case number (if you know): _____

Date of the court's decision: *Notified 3/10/05*

Result (attach a copy of the court's opinion or order, if available): *Denied*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ [crossed out]

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____ [crossed out]

GROUND TWO: _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_____

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* ___equitable tolling___

notified about direct appeal 8/12/2002 as per docket sheets asked numerous times for court docket sheets to be able to support my 61 post conviction relief and was turned down until Supreme Court ordered the Superior Court judge to supply it. Held up my legal brief quite a bit. This hindered me to do things in a timely manner to let time expire but were out of my control. Also extra copies are needed to be filed and law library at Smyrna does not copy at night. So I had to wait until I had an AM appointment to get copies made again out of my control. I put in for AM times and they did not give them to me.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Page 15

Therefore, petitioner asks that the Court grant the following relief: _reversal of Conviction and accountability (see exhibit G)_

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __3/23/05__ (month, date, year).

Executed (signed) on __3/23/05__ (date).

_James A. Louis_
Signature of Petitioner

---

*(...continued)
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## Introduction

Before I start to argue this case I only ask this court to please supina my 61 motion from Superior Court and study it. I have spent many hours of research and constantly asked for proper court proceedings and was denied due process, and the state to this day has yet answered any of my state or more important Constitutional violations. I can only pray that all this work will finally make someone accountable for their actions and somehow change the proceedings of "Delaware self rule". A prosecutors duty in a criminal prosecution is to seek justice see Berger v U.S 295 4 A. 78, 88 (1935) As such, the prosecutor should "prosecute with earnestness and vigor" but may not use "improper methods" calculated to produce a wrongful conviction. If the use of such methods "so [infects] the trial with unfairness as to make the resulting conviction a denial of due process" it may justify a mistrial or reversal of conviction see Darden v Wainwright 477 U.S 168

## facts

Title 18 USC 3509 was enacted in

the aftermath of Maryland v Craig 497 US 836

The statue calls for "Contemporeuse communication between the absent defendant and his Counsel during "The deposition"

The Random House College dictionary defines "Contemporaneous" as simultaneous or concurrent. Webster Dictionary defines contemporaneous as occuring at the same time.

This definition was introduced to us under Maryland v Craig and title 18 USC 3509 was enacted in the aftermath of its decision.

Not only was this not applied to defendants case but defendant and/or his attorney were not notified and were not present during taking of video deposition (see exhibit B)

There are many rules for video tape depositions both state and federal which said prosecutor violated, such as notification, who can and can not be in attendance, who may ask the questions and cross examinations. All violated in this case.

We see in Painter v Texas, U.S. v Kindig, U.S. v Miguel and Christian v Rhodes 41 F 3d 461 where defendant has the constitutional right to confrontation during taking of any deposition to ensure truthfulness, trustworthiness and non influence of any statements to be used.

In Lowery v Collins 988 F2d 1364 we see it mentioned about "suggestive environment" and how it made statement unreliable. In said case we see where Richardson asked question twice saying he read body language and took it upon himself to reask in different terms because she didn't understand question even though she answered it see exhibit C. In another instance he said he asked question a number of times because sometime children do not know what the truth is and he has to draw the truth out of them. What he is doing is changing their answers and the spontaneousness now does not exist exist which now eleminates hearsay ruling and now makes in confrontation which did not exist here and violates the truthfulness of said statement. He even said himself that he lacks

3

patience when it comes to public education or should I say dealing with children (see exhibit C1). As per the dictionary hearsay is spontaneous and if someone lacks patience and asks the same question 5 or 6 times the answers are not spontaneous. Confrontation clause and hearsay rules are not coextensive and involve different standards of admissibility as we read in People of Territory of Guam v Cepeda 69F 3d 369

We also see in US v Sasson 62F 3d 874 to establish violation of confrontation clause defendant is not required to show prejudice with respect to trial as a whole, rather the focus is on individual witnesses. Defendant believes by Mr. Richardson admission that he knows what the truth is and made alledged victim tell this truth prejudices the alledged witnesses deposition and shows a suggestive environment which made statement unreliable not only a violation of state law but of confrontation clauses.

We see how important the U.S. Court see this confrontation clause with their decision in such cases as

4

Maryland v Craig      110 SCt 3157
US v McKrene          131 F3d 1
Don v Nix             886 F2d 203
Lowery v Collins      988 F2d 1364
U.S. v Kelly          892 F2d 255
Christian v Rhode     41 F3d 461
US v Miguel           111 F3d 666

All these cases are the same as defendants. In Green v Arn 809 F2d 1257 we see where it was said a criminal defendant need only show that counsel was absent during critical stage of proceeding in order to establish constitutional violations; absence from proceedings is deficient performance as a matter of law, and prejudice is presumed. And in Mitchell v Mason 325 F3d 732 defense counsels absence during critical stage of trial, taking of evidence in defendants guilt, denied defendant right to a fair trial and was not subject to harmless error enquiry; this was done in defendants proceedings.

Videotaped testimony is unique. It enables the jury to observe the demeanor and to hear the testimony of the witness. It seems as the functional equivalent of a live

witness. Since there was no physical evidence, the only evidence of acts of molestation was presented through the child's videotaped testimony. The defendant denied any criminal conduct, asserting that the child was displeased with him and her charge against him was vindictive. Credibility becomes a crucial issue here. Under these circumstances the videotaped testimony may have taken on great significance. Allowing it to the jury to see and hear the child's videotaped testimony a second time in the jury room during deliberation unduly emphasizes their testimony especially since the prosecutor prodded the jurors to watch said video in her closing statements (see exhibits $D_1 - D_{11}$).

As we see in U.S v Binder 769 F2d applicant's conviction was overturned for those same reasons as presented above also see

U.S. v Nolan       700 F2d 479
U.S v Santana     175 F3d 57
U.S v Hilton      116 F3d 1536
Fisher v Roe      263 F3d 906
U.S v Smith       186 F3d 290

6

Kentucky v Stincer    107 S Ct 2658
US v Rolle            204 F3d 133
Turner v Marshall     63 F 3d 807

In Turner v Marshall, Turner alledges that the trial court allowed the court reporter to reread back testemony to the jury outside the presence of Turner and his counsel, in violation of Turner's rights under confrontation clause of the sixth ammendment. The government argued that the record is too ambigious to support Turner's claim and the court overturned his conviction. This is true here in this case except here it was videotaped deposition instead of court records used without defendant and/or his attorney presence and in solitude.

In Ackaal v Gammon 233 F 3d 1103 we see where incremenating statements that are admissible under exception to hearsay rule are "not" admissible under Confrontation clause unless prosecutors produce or demonstrate unavailabilty of declarent whose statement it seeks to introduce, and statement bears "adequate" indicia of reliabilty. USCA 6, and through

7

their own witness (Richardson) testimony of manipulation of alledged victims testimony to tell his truth and reading of her body english to know what she is thinking we see where hearsay rule of truth, trustworthiness and fact do not exist but evaporates. To further argue the existence of truthworthiness said prosecutor meant with biological father and his girlfriend and discussed the case about defendant showing them said deposition. Now after judge ordered everyone not to discuss trial happenings and said alledged victims refused to testify to prosecutors dismay. Biological father and girlfriend to alledged victims and her sister to dinner discussed the case and made promises of presents and trips if they said certain things see (exhibit E) Also reported to prosecutor what was said at dinner so she could handle it in court (see exhibit F).

    I can only hope that justice was not violated by Ms. Withers by dealing to have their testimony manipulated and these two girls rights violated with

8

with trustworthiness gone awry.

There are many more violations of due process rights argued in defendants post conviction relief and defendant offers his 61 post conviction relief argument into evidence upon approval of this court to have Superior Court clerk make it available. Again I can only pray this court looks at the evidence and proceeds with justice and make those responsible for protecting the Constitutional rights of individuals, not to violate them, held responsible and show someone as accountable for their actions.