IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


JAMES ST. LOUIS,         )
                         )
      Petitioner,   )
                         )
v.                   )   Civil Action No. 05-187-SLR
                         )
THOMAS CARROLL,     )
Warden, and M. JANE   )
BRADY, the Attorney   )
General of the State  )
of Delaware,        )
                         )
      Respondents.  )


**O R D E R**

At Wilmington this 30th day of August, 2005;

IT IS ORDERED that:

Petitioner James St. Louis' motions for representation by counsel are denied without prejudice to renew. (D.I. 3; D.I. 9) Petitioner, a pro se litigant, has no automatic constitutional or statutory right to representation in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek representation by counsel for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but

arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Here, petitioner seeks representation by counsel because he cannot afford counsel, he is unskilled in the law, and he has limited access to the prison law library. After reviewing petitioner's motion and his application for habeas relief, the court concludes that the "interests of justice" do not warrant representation by counsel at this time.

_____
UNITED STATES DISTRICT JUDGE