IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JAMES ST. LOUIS**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-187-SLR |
| | : | |
| **THOMAS L. CARROLL**, | : | |
| Warden, and **M. JANE BRADY**, | : | |
| Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

**MOTION FOR MORE DEFINITE STATEMENT**

Pursuant to Civil Rule of Procedure 12(e), respondents hereby move for a more definite statement of the grounds raised in petitioner's federal habeas petition. Due to the vagueness and ambiguity of some of petitioner's claims, respondents are unable to formulate an answer. On the model § 2254 form, petitioner has listed only one ground for relief, divided into three subparts. D.I. 2 at 6. Petitioner, however, has attached an exhibit to his petition (labeled as Exhibit A), listing ten claims, some with several subparts. It is unclear to respondents which claims, if any, in the attachment petitioner wants to present as claims for relief. *See* 28 U.S.C. § 2254, Rule 2 (petitioner "shall set forth in summary form the facts supporting each of the grounds . . . specified"). Respondents therefore request that petitioner state with specificity the following information regarding the claims listed by petitioner in Exhibit A to the petition:

1. Argument One:[1] the factual basis for his claim of prosecutorial misconduct, i.e., the acts or omissions of the prosecutor which he finds objectionable, the legal basis for his claim, and the prejudice suffered as a result of the prosecutor's actions or non-actions;

2. Argument Two, Subpart A: which of petitioner's *Miranda* rights was violated, the

---

[1] The numerical reference to the particular claims is taken from Exhibit A.

factual basis for the claim, and the resulting prejudice;

3. Argument Two, Subpart B: the factual basis for the claim of a violation of petitioner's Fifth Amendment rights and the prejudice resulting from the alleged violation;

4. Argument Three: the name of the witness involved in the alleged violation of D.R.E. 603, and the federal constitutional claim relating to this alleged violation;

5. Argument Four, Subpart B: whether "timing" refers to the point in time that the statement was admitted, and if not, the specific problem relating to timing that was in violation of 11 *Del. C.* § 3507. Further, petitioner should articulate what federal constitutional right has been adversely affected by the alleged "timing" violation;

6. Argument Six: the factual basis for his claim that Delaware Supreme Court Rules 15 and 30 were violated and the federal constitutional claim relating to these alleged violations;

7. Argument Seven, Subpart C: specify acts or omissions by the trial court relating to timing constituting judicial misconduct;

8. Argument Seven, Subpart D: assuming petitioner is claiming that he was not present at a trial proceeding (*see* reference to Federal Rule of Criminal Procedure 43(A)), specify which proceeding and the actions or omissions of the court relating to this absence which constitute misconduct;

9. Argument Seven, Subpart E: respondents having been unable to discover any current statute at 10 *Del. C.* § 4528, specify any alleged acts or omissions of judicial misconduct and any resulting prejudice;

10. Argument Eight: specify the factual basis for the alleged violations of Rules 3.4, 3.6 and 3.8 of Professional Conduct and the federal constitutional rights prejudiced as a result;

11. Argument Nine: specify the factual basis for the claim regarding the bill of

particulars and how that relates to prior criminal acts;

12.    Argument Ten:  because the Delaware Superior Court addressed eleven separate claims of ineffective assistance of counsel, specify which particular claims are being presented in the federal habeas petition and the factual basis for each separate claim.

Respondents respectfully request that the filing of the answer be stayed pending disposition of this motion and the receipt of petitioner's response.  Respondents request that the answer be due within 45 days of petitioner's filing of a more definite statement.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: September 14, 2005