In United States District Court
For the District of Delaware

James St. Louis
　　petitioner

v.

Thomas L. Carroll
warden and M Jane Brady
attorney general for St. of Del.
　　respondent

Civ. Act. No
05-187-SLR

**FILED**
SEP 2 6 2005
U.S. DISTRICT COURT

Motion for reversal and dismissal and restitution

FACTS:

On 24th day of June, 2005 a writ of Habeas Corpus was granted the petitioner, James St. Louis, and the state, per #2, was given forty-five (45) days of receipt of the petition and order to.

　　a. state whether the petitioner has exhausted his state remedies and post conviction remedies available to him under the statues or procedural rules of the State and including also his right of appeal both from the judgement of conviction and from any adverse judgement or order in the post-conviction proceeding.

　　b. state whether any claim in the

petition is barred by a procedural bar, non retroactivity, or the statue of limitations;

 c. respond to the allegations of the petition.

 d. indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed.

 e. attach to the answer certified copies of such portions of the transcripts as may be material to the questions raised in the petition... etc. This was signed and so ordered by Sue Roberson, United States District Judge.

On August 16, 2005, Elizabeth R. McFarlan, deputy attorney general, sent a motion for extension of time which said in #2 "In light of the situation, additional time is needed to [complete] the answer and have it reviewed in the ordinary course of business."

Then on September 15, 2005 the petitioner, James St. Louis, received, via legal mail, a petition for a motion for more definite statement specifically asking for twelve (12) items to be added to my habeas corpus petition referring them as exhibit A which confused attorney McFarlan not to be able to [start] an answer to said petitioners habeas petition.

(2)

also fact is on May 3, 2005 petitioner requested the pothonotary office to send copies of his post conviction petition to Judge Robinson and the States Justice department and have said petition added to his habeas corpus petition as letter sent to Judge Robinson and attorney McFarlan had requested upon answering Judge Robinson's letter as to what else said petitioner would like to add to his petition.

On July 22, 2005, Judge Richard F Stokes Delaware Superior Court Judge, denied this request but only to send any material to Judge Robinson. He added she had to request it herself.

Now on August 19, 2005 Judge Robinson so ordered the motion of extension to extend to and include September 16, 2005, [but] did [not] change any of the stipulations first presented to attorney McFarlan.

Arguement:

In 2001 petitioner sent a motion for post conviction relief (61) to superior court and on September 22, 2002, seventeen months later after motion to have answer sent to delaware supreme court Judge Stokes denied petitioners request. There were ten (10) arguements listed both state

(3)

and federal law violations and state and federal constitutional violations along with Judicial, prosecutor and ineffective misconducts and issues, especially the misconduct of then attending Judge Stokes. Judge Stokes ruled on petitioners past conviction petition without asking the state to answer any of the charges against them especially the constitutional violations. Instead of stepping down and recusing himself on petitioners charges against him, He ruled in favor of himself and procedurally barred petitioner or totally ignored constitutional violations without answering them. Petitioner was amazed that the state attorney generals office never entered any equivalant of an answer or rebuttal to petitioners complaints about it. Upon disapproval of petition as seen on page 3 ground 6, these same arguements are listed as exhibit A showing the court what arguements were set before the state's judicial system. I'm truly sorry if attorney McFarlan was totally confussed by pg 3 ground 6 and exhibit A showing these arguements.

Next the petitioner entered a motion into Supreme Court in the State of Delaware, which the attorney General's office answered by agreeing with Judge Stokes to procedurally

bar my efforts from further state remedies.

Now comes the motion for Habeas Corpus Relief. Petitioner doesn't understand where the top or should we say one of the top attorney's for Delaware is confused.

Petitioner regrets that he is not a professional attorney and may not do everything perfect to the law but if the attorney representing the state had followed Judge Robinson's direct order I can only see where she would have realized that the ten (10) items listed in exhibit A were the ten (10) items described and explained in petitioners (61 motion) post conviction relief or maybe it's that she doesn't understand why relief wasn't given. Judge Robinson's directions was as reported on page one

    a. state whether the petitioner has exhausted .... etc.

    b. state whether any claim in the petition is barred .... etc.

To do this don't you have to read post conviction relief and/or judge answer. Either way all ten (10) items are presented as post conviction arguments, and to my knowledge only Constitutional violations or ineffective assistance can

(5)

be argued in a habeas petition.

In the states motion for extension attorney McFarlan asked for extension to [complete] her response, now she wants forty-five (45) extra days for petitioner to respond again to his post conviction relief that was denied in state court. State of Delaware had two (2) tries or opportunity to answer the petitions and motions and didn't take the opportunity then. Why is the state stalling and showing their lack of respect to Judge Robinson by not doing as she had ordered. If the stipulations of (a) and (b) were followed there would be no confussion.

As directed in my habeas corpus motion the state knew I had asked for an attorney not just once but three (3) times from police officer Wilson and once from attending magistrate at the bail hearing were officer Wilson was present. Petitioner also upon arrival at Delaware Correction in Georgetown called his wife and had her contact and talk to attorney's the next day. Under Arizona v Roberson 108 SCt 2093 it was said that a major purpose of the Court's opinion in Miranda v Arizona

(6)

86 SctC 1610-1611 was "to give concrete constitutional guidelines for law enforcement agencies and courts to follow."

We also read in Maine v Moulton 106 SCt 477 the Supreme Court reaffirmed the principle that the 6th Amendment right to counsel attaches at the "critical" stages of a criminal proceeding when judicial proceedings have been initiated against the defendant. also see US v Porter 764 F2d 1

The State of Delaware can not plead ignorance of not knowing petitioner had asked for an attorney, Officer Wilson was present at taping of videotaped deposition and in Arizona v Roberson has failed to honor that request he knew existed and cannot be justified by a lack of deligence of a particular officer. see CF Giglio v US. 92 SCt 763
US v Downing 645 F2d 404
White v Finkbeiner 687 F2d 885
Faumon v White       104 SCt 1433

Also as argued in petitioners habeus Corpus    Delaware law 3511, State Constitutional law and Federal Constitutional law and USAAL says

(7)

what has to be done (procedures) when video taping depositions are taken and who can ask questions and who can and has the constitutional right to be there. Delaware not only violated these laws and Constitutional rights but by not having petitioner there manipulated alleged victims into telling interviewers truths, as said under oath during trial by states own interviewers. And to add insult to injury the judge let this unconstitutional video tape into jury deliberation room with no record of control of what is played and without petitioner or his attorney present or even signing off that they didn't wish to be there another Constitutional violation.

Petitioner doesn't want to reargue the motions not presented infront of your honor as was done in state court, but I do believe the state had more than a fair chance to answer my valid constitutional violations and has failed badly both in state and now in federal court. Petitioner believes the state is only stalling for more time hoping I will either die, give up

(8)

or do something totally uncalled for as improper and that you would bar me relief. I'm truly sorry you barred my 1983 relief and only hope we can finally make some strides in correcting the unconstitutional actions of the state and especially the attorney's general office.

I hope as Justice Bradley in Fay v. Noia 83 SCt 822 (1963) believes as he held that "a convicted state prisoner who had not sought any state appellate or collateral remedies could nevertheless gain [immediate] release on federal habeas if he proved the unconstitutionality of his conviction." Even though I did seek state relief their immediate bars and ignorance should grant me the same response along with any monetary and/or relief you see fit to grant.

In McLaughlin v Carroll 270 F Supp 2d 490 (D Del 2003), you wrote "In order to demonstrate miscarriage of justice, so as to excuse procedural default, habeas petitioners must show that a constitutional

(9)

violation has probably resulted in the conviction of one who is actually innocent; this requires proof that no reasonable juror would have voted to find petitioner guilty beyond a reasonable doubt. And I really believe that not only constitutional violations deprived me of due process but Judge Stokes making my public defender promise not to file papers in Supreme Court that could come back and hurt him deprived me a a due process of a fair and just primary appeal that was turned down for ineffective reasoning, and charges). see Smith v Murray 106 SCt 2661
    Edwards v Carpenter 120 SCt 1587
  In ending petitioner believes we must ask ourselves a question [does refusal to consider a constitutional claim due to a procedural bar result in a fundamental miscarriage of justice?] If so, then the federal court should consider the merits of this case.
  In Wainwright v Sykes 97 SCt 2497 Justice Rehnquist wrote " for the majority that the cause-and-prejudice standard would not prevent a federal habeas

(10)

Court from adjudicating for the first time the federal constitutional claim of a defendant who is the absence of such an adjudication will be the victim of a "miscarriage of justice".
see Engle v Isaac 102 SCt 1558

In closing I ask that justice be given to me and the state case be dismissed and the use of unconstitutional materials be stricken and those responsible reprimanded with financial, emotional and physical consequences to those who these violations occured.

It's time to stop letting the state do what it wants especially in violation of Constitutional laws and Amendments.

dated 9/16/05

James St. Louis Jr.
446518
1181 Paddock Road
Smyrna Delaware
19977
Bldg E   D 33

Certification

I hereby certify that I have neither sought nor obtained the consent of the respondent, who is the deputy attorney general at department of justice.

820 N. French Street, Wilmington

De. 19801   (302) 577-8500

Del Bar Id No. 3759

Elizabeth R McFarlan. to the subject matter of this motion.

dated 9/16/05

James St. Louis
pro se

Certificate of Service

I hereby certify that I mailed two (2) copies of motion for reversal and dismissal to the Department of Justice and filed one copy with the clerk of the U.S. District Court.

Deputy Attorney General
Department of Justice
820 N. French St.
Wilmington De 19801

James St. Louis
446518
DCC
1181 Paddock Rd
Smyrna De
19977

