IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JAMES ST. LOUIS**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-187-SLR |
| | : | |
| **THOMAS L. CARROLL**, | : | |
| Warden, and **CARL C. DANBERG**, | : | |
| Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents.[1] | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondent states the following in response to the petition for a writ of habeas corpus:

In May 2001, the petitioner, James St. Louis, was convicted by a Delaware Superior Court jury of first degree rape (victim less than 12 years old) (Del. Code Ann. tit. 11, § 773(a)(5)) and continuous sexual abuse of a child (Del. Code Ann. tit. 11, § 778). On June 22, 2001, St. Louis was sentenced to an aggregate of forty years of incarceration, suspended after twenty-two years for decreasing levels of supervision. *See St. Louis v. State*, 2002 WL 1160979, *1 (Del. May 24, 2002). The Delaware Supreme Court affirmed St. Louis' conviction and sentence on direct appeal. *Id.* In May 2003, St. Louis applied *pro se* for state postconviction relief under Superior Court Criminal Rule 61. *See State v. St. Louis*, 2004 WL 2153645, *1 (Del. Super. Ct. Sept. 22, 2004). Superior Court denied his motion and St. Louis appealed. The Delaware Supreme Court rejected St. Louis' claims and affirmed the judgment of the Superior Court. *St. Louis v. State*, 2005 WL 528675 (Del. Mar. 1, 2005).

---

[1] *See* FED.R.CIV.P. 25(d)(1). Attorney General Carl Danberg assumed office on December 8, 2005, replacing former Attorney General M. Jane Brady, an original party to this case.

Facts

As detailed by the Delaware Superior Court, *St. Louis*, 2004 WL 2153645 at *1, the facts leading to St. Louis' conviction are as follows:

> In September, 2000, defendant was arrested on charges of rape in the first degree involving his stepdaughter, a victim less than twelve years old, in violation of 11 *Del. C.* § 773(a)(5); continuous sexual abuse of a child in violation of 11 *Del. C.* § 778; and incest in violation of 11 *Del. C.* § 766. The State of Delaware ("the State") nolle prossed the incest charge.
>
> Defendant went to trial on the two remaining charges. At the time of trial, the victim was eight years old. The victim testified. She had been interviewed at the Children's Advocacy Center ("CAC") concerning the events that led to defendant's charges. That interview was videotaped, and this videotape was admitted, over defendant's objections, into evidence pursuant to 11 *Del.C.* § 3507. [footnote omitted] The jury found defendant guilty as charged.

Discussion

In his federal habeas petition, St. Louis presents one claim labeled "confrontation clause/prosecutor misconduct/showing ineffectiveness" (D.I. 2 at 6), but requested the Court "study" his state postconviction motion (*see* D.I. 2 at attached "introduction") and included a list of ten arguments with subparts as an exhibit (D.I. 2 at Exhibit A). Respondents moved for a more definite statement and St. Louis submitted arguments concerning eight of the ten claims listed in Exhibit A. *See* D.I. 24. Liberally reading his submissions, respondents discern the following claims for relief:

(1) prosecutorial misconduct expressing doubt as to the existence of a specific videotape and telling the jury to convict without proof or evidence (D.I. 24 at 2-5, 30);

(2) Fourth Amendment violation because police officer's affidavit of probable cause contained references to unsworn statements (D.I. 24 at 8);

(3) due process violation in the taking and admission of the videotaped interview of the

victim (D.I. 24 at 11-15);

(4) violation of the Confrontation Clause because of the admission of the videotape (D.I. 24 at 16-22);

(5) judicial misconduct for allowing the jury to view the videotape during deliberations (D.I. 24 at 23-26);

(6) prosecutorial misconduct for allowing Buster Richardson, the victim's interviewer, to comment on the veracity of the victim's claims (D.I. 24 at 27-31);

(7) violation of the Sixth Amendment right to a fair trial because of testimony regarding prior bad acts of the defendant (D.I. 24 at 32-33);

(8) prosecutorial misconduct for expressing an opinion as to the credibility of a witness and failing to allow the victim's mother to be present during the interview of the victim (D.I. 24 at 2-3, 30); and

(9) ineffective assistance of counsel for failure to - investigate potential witnesses, call various witnesses, obtain expert testimony regarding pinworms, object to a false statement made by the prosecutor, and introduce a pornographic tape into evidence (D.I. 24 at 36-40).[2]

St. Louis presented his claims to the state supreme court on appeal from the denial of his postconviction motion, thus exhausting state remedies. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). St. Louis' claims, however, do not provide a basis for relief.

*Procedurally defaulted claims*

After finding that a petitioner has exhausted state remedies, this Court "must then assure

---

[2] Two additional claims were listed in D.I. 2, Exhibit A, but not discussed in response to this Court's order to provide a more definite statement, and thus are deemed abandoned.

3

itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). St. Louis did not comply with state procedural requirements as to his first eight claims, i.e., all claims other than the claims of ineffective assistance of counsel. St. Louis presented these claims in his postconviction motion without having presented the issues on direct appeal. Under Superior Court Criminal Rule 61(i)(3), any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the petitioner shows cause for the procedural default and actual prejudice.[3] The Delaware Supreme Court found no abuse of discretion in the trial court's finding that these claims were procedurally barred.[4] *See St. Louis*, 2005 WL 528675 at *1. St. Louis, having failed to comply with Criminal Rule 61(i)(3), failed to comply with the relevant state procedural requirements. *See Lawrie v. Snyder*, 9 F. Supp.2d 428, 451 (D. Del. 1998); *Flamer v. Chaffinch*, 827 F. Supp. 1079, 1087-88 (D. Del. 1993) (finding that Criminal Rule 61(i)(3) is an adequate state ground to preclude federal habeas review), *aff'd*, 68 F.3d 710 (3d Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1088 (1996). Thus, federal habeas review of these claims is barred unless St. Louis establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson v. Snyder*, 988 F. Supp. 783, 804-05 (D. Del. 1997); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992); *Browne v. Carroll*, 2006 WL 167549, *11 (D. Del.).

---

[3] Claims of ineffective assistance of counsel, however, are properly brought for the first time in a state postconviction motion. *See Horne v. State*, 887 A.2d 973, 974-75 (Del. 2005) (citing *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994) and *Duross v. State*, 494 A.2d 1265, 1269 (Del. 1985)).

[4] The trial court considered, and rejected, ineffectiveness of trial counsel as cause for the prosecutorial misconduct claims listed herein as claim 8. *See St. Louis*, 2004 WL 2153645 at *3, *5-6. The court determined that St. Louis had not alleged cause for the remainder of the claims listed herein as claims 1-7. *Id.* at *1.

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982); *Dawson*, 988 F. Supp. at 804-05.

St. Louis has alleged ineffective assistance of appellate counsel as cause for his failure to have raised any of his claims on direct appeal from his convictions. D.I. 2 at 6. In turn, St. Louis did not fairly present his claim of ineffective assistance of appellate counsel to the state courts. *See* Appellant's Opening Brf. in Del. Supr. Ct., No. 446, 2004. To the extent that St. Louis now asserts that appellate counsel should have raised all of these claims (claims 1-8) on direct appeal, that claim is itself unexhausted and cannot constitute cause. *See Edwards v. Carpenter,* 529 U.S. 446, 452-53 (2000) (an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted); *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) (an allegation of constitutionally ineffective assistance of counsel as cause for a procedural default in a state court must itself be independently exhausted). Moreover, if St. Louis now attempted to raise his claim of ineffective assistance of appellate counsel in state court, the claim would be barred by Delaware Superior Court Criminal Rule 61(i)(2) for failure to have raised the claim in his initial postconviction motion. *See Lawrie*, 9 F. Supp.2d at 454. No explanation for St. Louis' failure to raise the issue in the first postconviction motion has been offered. Thus, because St. Louis has failed to establish cause for his procedural

default in state court, petitioner's first eight claims should be dismissed. *E.g., Elliott v. Kearney*, 2004 WL 724958, *4 n.5 (D. Del.). *See also Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995) (citing cases).

*Ineffective assistance of counsel claims*

St. Louis claims, as he did in state court, that his trial counsel provided constitutionally ineffective assistance by failing to: investigate potential witnesses; call various witnesses; obtain expert testimony; object to a false statement made by the prosecutor; and introduce a pornographic videotape into evidence. D.I. 24 at 36-40. The Delaware Supreme Court found that St. Louis' claims of attorney error were without merit, either because counsel's performance was reasonable or St. Louis did not demonstrate that the alleged error was prejudicial. *St. Louis*, 2005 WL 528675 at *1. The state court correctly determined that St. Louis could not prevail on his ineffectiveness of counsel claims.

Section 104 of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, codified as 28 U.S.C. § 2254, restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. As amended, § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--
>     (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 196-97 (3d Cir.

2000); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999) (determining the standard of review governing petitions for a writ of habeas corpus under revised § 2254(d)). Thus, under revised § 2254, a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Matteo*, 171 F.3d at 885; *Lawrie*, 9 F. Supp. 2d at 434. Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001).

In order to establish that he received constitutionally ineffective assistance of counsel, St. Louis was required to demonstrate that: defense counsel's representation fell below an objective standard of reasonableness; and that but for counsel's unprofessional errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Wells v. Petsock*, 941 F.2d 253, 259 (3d Cir. 1991). The *Strickland* analysis for a claim of ineffective assistance of counsel constitutes clearly established law under revised § 2254. *See Wiggins v. Smith*, 539 U.S. 510 (2003). A habeas petitioner must allege facts which, if accepted as true, would satisfy both prongs of the *Strickland* test: deficient performance and prejudice to the defense. *See Wells*, 941 F.2d at 259-60; *cf. Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996).

Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689. Thus, to sustain an ineffectiveness claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells*, 941 F.2d at 259-60; *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Against this backdrop, St. Louis has not established that the state court's decision warrants relief under § 2254.

In this case, the Delaware state courts correctly identified the two-prong *Strickland* standard applicable to St. Louis' ineffectiveness claims. *See St. Louis*, 2005 WL 528675 at *1 n.6. Thus the state supreme court's denial of the claims was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406. Moreover, the state courts reasonably applied the rule to the specific facts of St. Louis' case. *See* 28 U.S.C. § 2254(d)(1).

In the first instance, St. Louis complains that his counsel failed to investigate and call potential witnesses. D.I. 24 at 36-38. Although St. Louis lists the names of several witnesses he wanted to have testify at trial, he does not explain what their testimony would have been or how that testimony would have assisted in his defense. It appears that St. Louis believes these witnesses would have testified as to his general good character. *See* D.I. 24 at 37-38. Irrelevant character evidence, however, is not admissible at trial. *See* D.R.E. 404(a)(1); *Nieves v. State*, 2003 WL 329589 (Del.). Thus, St. Louis was not prejudiced by any failure of his trial counsel to call general character witnesses to testify at trial. Further, given St. Louis' failure to specify what these witnesses would have said if they had testified, the state court properly denied this claim as vague and conclusory. *See Jordan v. Snyder*, 2000 WL 52152, *9 (D. Del.) (citing *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991)). This decision was not an unreasonable application of the *Strickland* framework.

8

In his next claim of ineffective assistance of counsel, St. Louis complains that his counsel failed to obtain medical records or expert testimony to show that the victim's claims of vaginal and rectal intercourse were false. D.I. 24 at 39. The state court found that the State did not contend vaginal or rectal intercourse took place. *St.Louis*, 2004 WL 2153645 at *5. That finding is surely supported by the record. *See* State's Response to the Defendant's Motion for a Bill of Particulars, attached to D.I. 24. A state court's determination of factual issues must be presumed correct unless the petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Rico v. Leftridge-Byrd*, 340 F.3d 178, 181 (3d Cir. 2003); *Campbell v. Vaughn*, 209 F.3d 280, 285 (3d Cir. 2000). St. Louis now asserts that because the victim allegedly originally claimed that she had been raped vaginally and rectally, the records would show that the victim was a liar. D.I. 24 at 39-40. Defense counsel did not need to have expert testimony or medical reports to point to inconsistencies in the victim's statements. Thus, as the state court properly found, counsel was not deficient in failing to obtain such information. *See St. Louis*, 2004 WL 2153645 at *5. This decision was a reasonable application of *Strickland*.

St. Louis also asserts that his counsel failed to make several objections during the course of the trial that would have changed the outcome. *See* D.I. 24 at 40. First, St. Louis complains that his counsel failed to object to the prosecutor's remark in closing that Mrs. St. Louis went to the CAC voluntarily, because that was allegedly untrue. D.I. 24 at 40. The trial court, however, found that "Jeanine St. Louis testified that she voluntarily went to CAC." *St. Louis*, 2004 WL 2153645 at *7. In light of Mrs. St. Louis' testimony, the prosecutor's remark was fully supported by the evidence. There was thus no basis for any defense objection.

Next, St. Louis appears to argue that his counsel should not have objected to the admission of prior bad acts (*see* D.I. 24 at 40), while in state court St. Louis argued that his

9

counsel was ineffective because he failed to object to the admission of prior bad acts (*see St. Louis*, 2004 WL 2153645 at *7). In any case, the victim testified that she recalled being abused before the earliest date recited in the indictment. That testimony was presented to the jury. The trial judge, at the request of defense counsel, instructed the jury to disregard any evidence of bad acts between St. Louis and the victim that occurred before June 15, 1997, the date noted in the indictment. *See St. Louis*, 2004 WL 2153645 at *7. The prior act evidence would have been admissible to show intent and a plan by St. Louis to abuse the victim while her mother was away from home. *See Trump v. State*, 753 A.2d 963 (Del. 2000) (finding no plain error in admission of prior sexual acts occurring eight years prior to charged offenses). St. Louis thus cannot establish prejudice under *Strickland* from any failure on the part of defense counsel to object to the testimony in a timely manner. Thus, the state court's decision on this point is a reasonable application of *Strickland*.

Finally, St. Louis asserts that his counsel should have introduced a pornographic videotape that he alleges the victim had seen, which would have explained her knowledge of sexual acts. *See* D.I. 24 at 40. The trial judge found that defense counsel's decision not to introduce a tape that could prejudice the jury against St. Louis (the tape belonged to him) was "a sound strategic decision." *St. Louis,* 2004 WL 2153645 at *4. St. Louis' disagreement with his counsel's trial strategy is not, without more, a ground for relief on a claim for ineffective assistance of counsel. *Strickland*, 466 U.S. at 690-91. Moreover, even though defense counsel sought to preclude any mention of the tape, information that the victim had been caught watching a pornographic videotape was placed before the jury. *St. Louis*, 2004 WL 2153645 at *4 n.10. St. Louis has not demonstrated facts that show a reasonable probability that but for the admission of the videotape, the result of the trial would have been different. The state court's decision that

St. Louis could not overcome the presumption that trial counsel's actions constituted sound trial strategy was thus a reasonable application of *Strickland*.

## Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of St. Louis' trial (April 25, 26 and 30, 2001) and sentencing (June 22, 2001) have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: February 22, 2006