IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES ST. LOUIS,                    )
                                    )
           Petitioner,              )
                                    )
v.                                  )    Civil Action No. 05-187-SLR
                                    )
THOMAS L. CARROLL,                  )
Warden, and CARL C.                 )
DANBERG, Attorney                   )
General of the State of             )
Delaware,                           )
                                    )
           Respondents.             )

---

James St. Louis.  Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware
Department of Justice, Wilmington, Delaware.  Counsel for
respondents.

---

**MEMORANDUM OPINION**

April 26 , 2006
Wilmington, Delaware

**ROBINSON,** Chief Judge

## I.    INTRODUCTION

Presently before the court is petitioner James St. Louis'
("petitioner") application for a writ of habeas corpus pursuant
to 28 U.S.C. § 2254.   (D.I. 2)   Petitioner is a Delaware inmate
in custody at the Delaware Correctional Center in Smyrna,
Delaware.   For the reasons that follow, the court will dismiss
his application.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was arrested in September 2000 and charged with
rape in the first degree (victim less than 12 years old),
continuous sexual abuse of a child, and incest.   The charges
stemmed from sexual activities involving petitioner and his then
eight-year-old stepdaughter.   The State nolle prossed the incest
charge prior to trial.

In May 2001, a Delaware Superior Court jury convicted
petitioner of first degree rape and continuous sexual abuse of a
child.   The Superior Court sentenced petitioner to an aggregate
of forty years incarceration at Level V, suspended after twenty-
two years for decreasing levels of supervision.   The Delaware
Supreme Court affirmed petitioner's conviction and sentence on
direct appeal.   St. Louis v. State, 798 A.2d 1042 (Table), 2002
WL 1160979 (Del. May. 24, 2002).

In May 2003, petitioner filed a motion for post-conviction

1

relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Delaware Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. State v. St. Louis, 2004 WL 2153645 (Del. Sept. 22, 2004); St. Louis v. State, 869 A.2d 328 (Table), 2005 WL 528675 (Del. Mar. 1, 2005).

In March 2005, petitioner filed the instant application for habeas relief. (D.I. 2) The State filed an answer, contending that the court must deny the application because several claims are procedurally barred, and because the ineffective assistance of counsel claims do not warrant relief under § 2254(d)(1). (D.I. 27)

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One pre-requisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

2

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). If the petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris v. Reed, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To

3

demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," Murray, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

## B. Standard of Review

If a federal habeas claim is exhausted and not procedurally

4

defaulted, and the highest state court adjudicated its merits,
then a federal court can only grant habeas relief if the state
court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence
> presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); Williams v. Taylor, 529 U.S. 362,
412 (2000); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001). A
state court adjudicated a claim on the merits for the purposes of
28 U.S.C. § 2254(d) if the state court "decision finally
resolv[es] the parties' claims, with res judicata effect, [and]
is based on the substance of the claim advanced, rather than on a
procedural, or other ground." Rompilla v. Horn, 355 F.3d 233,
247 (3d Cir. 2004)(internal citations omitted), rev'd on other
grounds, 125 S.Ct. 2456 (2005).

On federal habeas review, a district court must presume that
a state court's implicit and explicit determinations of factual
issues are correct. 28 U.S.C. § 2254(e)(1); Campbell v. Vaughn,
209 F.3d 280, 286 (3d Cir. 2000). This presumption is only
rebutted by clear and convincing evidence to the contrary. Id.;
Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the
clear and convincing standard in § 2254(e)(1) applies to factual
issues, whereas the unreasonable application standard of §

5

2254(d)(2) applies to factual decisions).

## IV.   **DISCUSSION**

Petitioner's application presents the following claims for
relief: (1) the prosecutor's blatant misconduct violated
petitioner's right to a fair trial and due process; (2) the
police violated petitioner's rights under Miranda v. Arizona, 384
U.S. 436 (1966) and the Fifth Amendment from the time he was
arrested through his arraignment; (3) the police officer's
affidavit of probable cause contained references to unsworn
statements in violation of Delaware Rule of Evidence 603 and the
Fourth Amendment; (4) taking and admitting the videotaped
interview of the victim violated petitioner's right to due
process and Del. Code Ann. tit. 11, § 3507; (5) admitting the
videotaped interview of the victim violated the confrontation
clause and Del. Code Ann. tit. 11, §§ 3508 and 3509; (6) the
trial judge engaged in judicial misconduct and violated Del. Code
Ann. tit. § 3511 and Delaware Supreme Court Rules 15 and 30 by
permitting the jury to view the videotaped interview of the
victim without supervision; (7) the prosecutor engaged in
misconduct by permitting the victim's interviewer to comment on
the veracity of the victim's claims; (8) admitting testimony
about petitioner's prior bad acts violated Delaware Superior
Court Criminal Rule 7(f) and petitioner's right to a fair trial
under the Sixth Amendment; (9) the prosecutor engaged in

6

misconduct by expressing an opinion as to the credibility of a witness and for failing to allow the victim's mother to be present during the interview of the victim; and (10) trial counsel provided constitutionally ineffective assistance by failing to: investigate and call potential witnesses, obtain expert testimony and medical records to explain the contagiousness of pinworms and to demonstrate the lack of any evidence of vaginal or rectal intercourse, object to a false statement made by the prosecutor, object to the admission of prior bad acts, and introduce a pornographic tape into evidence.

## A.  Claims One Through Nine Are Procedurally Barred

Petitioner presented claims one through nine to the Delaware Superior Court in his Rule 61 motion, and the Superior Court denied the claims under Rule 61(3) as procedurally defaulted. State v. St. Louis, 2004 WL 2153645 (Del. Super. Ct. Sept. 22, 2004).  The Delaware Supreme Court affirmed that decision, holding that "the claims were subject to the procedural bar of Rule 61(i)(3), as the Superior Court determined. . . . [and petitioner] did not demonstrate in his postconviction motion, and he has not demonstrated on appeal, why the procedural bar should be excused."  St. Louis v. State, 869 A.2d 328 (Table), 2005 WL 528675, at **1 (Del. Mar. 1, 2005).

This court has consistently held that Rule 61 is an independent and adequate state procedural rule precluding federal

7

habeas review.  <u>Mayfield v. Carroll</u>, 2005 WL 2654283 (D. Del.
Oct. 11, 2005);  <u>Carter v. Neal</u>, 910 F. Supp. 143, 149-50 (D.
Del. 1995).  By denying claims one through nine under Rules
61(i)(3), the Delaware Supreme Court plainly stated that its
decision rested on state law grounds.  Thus, the court is barred
from reviewing the merits of the nine claims absent a showing of
cause for the default, and prejudice resulting therefrom, or upon
a showing that a miscarriage of justice will occur if the claims
are not reviewed.

Here, petitioner points to appellate counsel's failure to
include claims one through nine on direct appeal as cause for his
procedural default.  However, petitioner never presented a claim
regarding appellate counsel's performance to the state courts,
and further state court review of any such claim would be barred
by Rule 61(i)(2).[1]  <u>See</u> <u>Lawrie v. Snyder</u>, 9 F. Supp. 2d 428, 453-
54 (D. Del. 1998).  As a result, petitioner's allegation
regarding appellate counsel's ineffective assistance is itself
procedurally defaulted.[2]  <u>Id.</u>  A procedurally defaulted
ineffective assistance of counsel claim cannot constitute cause
for another procedurally defaulted claim.  <u>Edwards v. Carpenter</u>,

---

[1] Rule 61(i)(2) bars "[a]ny ground for relief that was not
asserted in a prior postconviction proceeding."

[2] Petitioner has not demonstrated any reason why the state
courts would excuse the bar of Rule 61(i)(2). <u>See</u> <u>Lawrie</u> 9 F.
Supp. 2d at 453-54.

529 U.S. 446, 453-54 (2000); <u>Tome v. Stickman</u>, 2006 WL 358771,
at *4 (3d Cir. Feb. 16, 2006). Therefore, appellate counsel's
performance cannot excuse petitioner's procedural default of
claims one through nine.

In the absence of cause, the court does not need to address
the issue of prejudice. Additionally, the miscarriage of justice
exception to the procedural default doctrine does not excuse
petitioner's default because he has not provided new reliable
evidence of his actual innocence. <u>See generally</u> D.I. 30.

Accordingly, the court will dismiss claims one through nine
as procedurally defaulted.[3]

## B. Claim ten: ineffective assistance of trial counsel

In claim ten, petitioner contends that trial counsel
provided ineffective assistance by failing to: (1) investigate
and call potential witnesses; (2) obtain medical records and
expert testimony to demonstrate the absence of vaginal or rectal
intercourse, and also to explain that the victim had pinworms and
that the absence of pinworms on petitioner's body indicated that
he did not perform the alleged sexual acts; (3) object to a false

---

[3]To the extent claims one through nine assert violations of
state court rules and state statutes, the court dismisses them
because state law claims are not cognizable on federal habeas
review. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-8 (1991); <u>Smith v.
Phillips</u>, 455 U.S. 209, 211 (1982); <u>Johnson v. Rosemeyer</u>, 117
F.3d 104, 109 (3d Cir. 1997)("it is well established that a state
court's misapplication of its own law does not generally raise a
constitutional claim").

statement made by the prosecutor; (4) object to the admission of
evidence regarding petitioner's prior bad acts; and (5) introduce
a pornographic tape into evidence.  The Delaware Supreme Court
denied these claims on post-conviction appeal as meritless.
Consequently, the court must review the claims under §
2254(d)(1), and federal habeas relief will only be warranted if
the Delaware Supreme Court's decision denying these allegations
was either contrary to, or an unreasonable application of,
clearly established Supreme Court precedent.

The clearly established Supreme Court precedent governing
ineffective assistance of counsel claims is the two-pronged
standard enunciated by Strickland v. Washington, 466 U.S. 668
(1984) and its progeny.  See Wiggins v. Smith, 539 U.S. 510
(2003).  Under the first Strickland prong, a petitioner must
demonstrate that "counsel's representation fell below an
objective standard of reasonableness," with reasonableness being
judged under professional norms prevailing at the time counsel
rendered assistance.  Strickland, 466 U.S. at 688.  Under the
second Strickland prong, a petitioner must demonstrate "there is
a reasonable probability that, but for counsel's error the result
would have been different."  Id. at 687-96.  A reasonable
probability is a "probability sufficient to undermine confidence
in the outcome."  Id. at 688.  In order to sustain an ineffective
assistance of counsel claim, a petitioner must make concrete

10

allegations of actual prejudice and substantiate them or risk
summary dismissal.  See Wells v. Petsock, 941 F.2d 253, 259-260
(3d Cir. 1991);  Dooley v. Petsock, 816 F.2d 885, 891-92 (1987).
Although not insurmountable, the Strickland standard is highly
demanding and leads to a "strong presumption that the
representation was professionally reasonable."  Strickland, 466
U.S. at 689.

        Here, the Superior Court and the Delaware Supreme Court
correctly identified Strickland as the proper standard and
analyzed the claims within its framework.  Therefore, the
Delaware Supreme Court's denial of petitioner's ineffective
assistance of counsel claims was not contrary to Strickland.
Williams, 529 U.S. at 406 ("[A] run-of-the-mill state-court
decision applying the correct legal rule from [Supreme Court]
cases to the facts of a prisoner's case [does] not fit
comfortably within § 2254(d)(1)'s 'contrary to' clause").

        In determining whether the Delaware state courts
unreasonably applied Strickland in denying the instant claims,
the court first notes that a court can choose to address the
Strickland prongs in any order, and also may properly choose to
deny a claim alleging ineffective assistance under only one
prong.  See  See Strickland, 466 U.S. at 697;  Rolan v. Vaughn, -
F.3d -, 2006 WL 997383, at (3d Cir. Apr. 18, 2006).
Consequently, the Superior Court did not unreasonably apply

                                    11

Strickland by addressing petitioner's allegations under one or the other of the Strickland prongs. In turn, the Delaware Supreme Court did not unreasonably apply Strickland in affirming that decision.

However, the court must also determine whether the state courts' analysis of the claims constituted an unreasonable application of Strickland. The court discusses each allegation in seriatim.

**1. Failure to investigate and call potential witnesses**

Petitioner contends that counsel failed to interview or call witnesses who would have provided testimony favorable to his defense. In his first allegation, petitioner contends that counsel performed ineffectively by failing to call two witnesses: the victim's friend and the victim's cousin. The Superior Court denied this claim as vague and conclusory because petitioner's Rule 61 motion failed to explain the witnesses' potential testimony or how such testimony would have aided his defense. The Delaware Supreme Court affirmed.

Petitioner attempts to cure that defect in the instant petition. He asserts that the two witnesses would have testified about how they played truth or dare with the victim, and during that game, one of the witnesses told a story about how she saw her mother having sex with another woman. Petitioner then explains that the victim "said she had sexual relations with Mr.

12

St. Louis" because she felt like she "had to come up with something better."  (D.I. 30, at 14.)

It is well-settled that a petitioner has the burden of proving specific facts to support an allegation of ineffective assistance.  Sistrunk v. Vaughn, 96 F.3d 666, 671 (3d Cir. 1996); Wells v. Petsock, 941 F.2d 253, 259-260 (1991).  Additionally, to succeed on a claim alleging a failure of counsel to investigate potential witnesses, a petitioner must show how their testimony would have been favorable and material.  See United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989).  Here, petitioner theorizes that the victim fabricated a story to trump her friend's story, but there is no indication that the two friends would have testified to that effect; in other words, petitioner's theory is pure speculation.  Accordingly, the court concludes that the Delaware courts did not unreasonably apply Strickland in rejecting this allegation as vague and conclusory.

Petitioner also contends that counsel failed to call or interview potential witnesses who would have testified about petitioner's general good character.  The Superior Court rejected this claim, explaining that Delaware law prohibits a defendant from offering evidence of general good character and, thus, counsel did not perform deficiently in failing to advance inadmissible evidence.  St. Louis, 2004 WL 2153645, at *4 (citing Nieves v. State, 817 A.2d 804 (Del. 2003)).

13

It is well-settled that an attorney does not provide ineffective assistance by failing to raise improper or meritless claims. See Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000). It is also well-settled that, on federal habeas review, a district court must accept a state court's interpretation of state law. See Bradshaw v. Richey, 126 S. Ct. 602, 604 (2005). Accordingly, the Delaware Supreme Court did not unreasonably apply Strickland in denying the instant claim.

## 2. Failure to obtain medical records or expert testimony

The information charged petitioner with one count of rape in the first degree and one count of continuous sexual abuse of a child. (D.I. 29, Appellant's Op. Br. in St. Louis v. State, No. 323, 2001, at A-5) The rape charge alleged that "defendant did intentionally engage in sexual intercourse." Id. Petitioner's trial counsel moved for a bill of particulars, and the State responded that "sexual intercourse" involved the petitioner "putting his penis in the victim's mouth." (D.I. 29, State's Response to the defendant's motion for a bill of particulars in State v. St. Louis, Cr. A. No. 009015005).

Petitioner asserts that counsel provided ineffective assistance by failing to obtain medical records or expert testimony to show that the victim falsely alleged that vaginal or rectal intercourse occurred. Petitioner contends the victim originally claimed that she had been raped vaginally and rectally

14

and, therefore, medical records and expert testimony to the
contrary would have proven that she was a liar. (D.I. 24, at 39-
40)

The Superior Court determined that counsel did not perform
deficiently by failing to request expert testimony or medical
records regarding vaginal or rectal intercourse because the State
did not pursue a theory of rectal or vaginal intercourse during
petitioner's trial. The court has reviewed the state court
record, and the record demonstrates that vaginal or rectal
intercourse was not at issue. First, the victim's testimony, and
the State's questions, involved a description of how petitioner
put his penis in the victim's mouth.[4] Second, during her closing
statement, the prosecutor explicitly stated that the State was
not alleging actual penetration. (D.I. 2, at Exh. D-8)
Consequently, the court concludes that the state courts
reasonably applied Strickland in concluding that counsel did not
perform deficiently by not requesting unnecessary testimony or
records.

The court also notes that trial counsel did not need expert
testimony or medical records to illustrate inconsistencies in the
victim's statements. Thus, petitioner has failed to demonstrate

---

[4]The record provided by the State does not contain testimony
regarding any alleged vaginal or rectal intercourse. (D.I. 29,
Appendix to Appellant's Op. Br. in St. Louis v. State,
No.323,2001 at A-63 to A-68)

15

a reasonable probability that, but for counsel's failure to obtain such medical records or expert testimony, his trial result would have been different.

Petitioner also alleges that counsel should have obtained expert testimony or medical records to show that the victim had pinworms in her rectum and that pinworms are highly contagious. He contends that he did not have pinworms and, therefore, the absence of infection on his person rebuts the victim's allegations.

The state courts denied this claim because petitioner failed to establish prejudice under Strickland. Specifically, petitioner never established that he did not have pinworms, or that contact with someone infected with pinworms always results in infection. See St. Louis, 2004 WL 2153645, at *4; St. Louis, 2005 WL 528675, at **1.

Petitioner's instant allegation fails for the same reason. Although petitioner phrases his claim by focusing on the victim's pinworm infection and counsel's alleged failure to establish the fact that pinworms are easily transmitted from person to person, his claim is actually premised on the fact that he did not have pinworms. However, as in his state post-conviction proceeding, petitioner has not provided evidence that he did not have pinworms, or that pinworms are always transmitted upon contact. At a minimum, because there is no concrete evidence regarding

16

petitioner's medical state, petitioner cannot demonstrate a reasonable probability that the outcome of his proceeding would have been different if counsel had requested expert medical evidence regarding the victim's pinworms. Accordingly, the court concludes that the Delaware Supreme Court did not unreasonably Strickland in denying the instant claim.

## 3. Failure to object to a false prosecutorial statement

Petitioner contends that the prosecutor lied by stating Mrs. St. Louis went to the Children's Advocacy Center ("CAC") voluntarily, thus, counsel performed ineffectively by failing to object to the lie. The Superior Court denied this ineffective assistance of counsel claim as meritless because "Jeanine St. Louis testified that she voluntarily went to the CAC." St. Louis, 2004 WL 2153645, at *7.

The court does not have the portion of the trial transcript containing Mrs. St. Louis' testimony. Nevertheless, petitioner has not provided clear and convincing evidence to rebut the Superior Court's factual determination regarding Mrs. St. Louis' testimony. Significantly, petitioner filed a letter from Mrs. St. Louis outlining her perception of the mistakes committed during petitioner's trial, but the letter does not allege that she went to the CAC involuntarily. (D.I. 24) Therefore, the court concludes that the Delaware Supreme Court did not unreasonably apply Strickland in affirming the Superior Court's

17

denial of the instant claim.

**4. Failure to object to the admission of prior bad acts**

Count two of the information[5] charged petitioner with continuing sexual abuse starting from June 15, 1997 through September 12, 2000. During petitioner's trial, however, the victim stated that the "bad acts" began when she was two years of age. (D.I. 29, State's Ans. Br. in St. Louis v. State, No.323,2001, at B-2) At the end of petitioner's trial, the trial judge explicitly instructed the jury to disregard any evidence of bad acts occurring prior to June 15, 1997. See St. Louis, 2004 WL 2153545, at *7.

Petitioner contends that counsel performed deficiently by failing to object to the victim's statements regarding the prior bad acts. (D.I. 24, at 40) The Superior Court rejected this ineffective assistance of counsel claim because a jury is presumed to have followed a court's instructions and, therefore, petitioner could not demonstrate the requisite Strickland prejudice. Id. (citing Johnson v. State, No. 616,2003 (Del. 2004).

The Superior Court properly identified the prevailing presumption that a jury follows a court's instructions. See

---

[5]Petitioner waived prosecution by indictment. (D.I. 29, Del. Super. Ct. Dkt. for State v. St. Louis, Crim. A. No. S00-09-541 and 542, Entry No. 4; Appellant's Op. Br. in St. Louis v. State, No. 323,2001 at A-5)

18

Weeks v. Angelone, 528 U.S. 225, 226 (2000). Further, the record in petitioner's case clearly demonstrates that the trial judge instructed the jury to disregard any evidence regarding petitioner's bad acts that occurred prior to June 15, 1997, the date listed in the information. Petitioner has not rebutted that presumption by demonstrating that the jury was unlikely or unwilling to do so. See Simmons v. South Carolina, 512 U.S. 154, 171 (1994). Thus, the court concludes that the Delaware Supreme Court did not unreasonably apply Strickland in determining that petitioner failed to demonstrate prejudice.

## 5. **Failure to introduce a pornographic videotape**

In his final claim, petitioner contends that counsel should have introduced as evidence a pornographic videotape the victim allegedly watched the night before petitioner raped her. According to petitioner, the tape explains the victim's knowledge of the sexual acts alleged in the information.

On post-conviction review, the Superior Court rejected this claim under Strickland's performance prong after finding that counsel's decision to forego using the tape as evidence was "a sound strategic decision." The Superior Court reasoned that "introduction of the tape itself could have caused the jury to consider defendant a pervert because he possessed such a tape." St. Louis, 2004 WL 2153645, at *4.

"Strickland and its progeny make clear that counsel's

19

strategic choices will not be second-guessed by post hoc
determinations that a different trial strategy would have fared
better." Rolan, 2006 WL 997383, at *8 (internal citations
omitted). Consequently, strategic "choices made after a
reasonable investigation of the factual scenario are entitled to
a presumption of validity." Id. In petitioner's case, the
record demonstrates that counsel discussed the efficacy of using
the pornographic tape with petitioner on two different occasions:
February 23, 2001 and April 26, 2001. (D.I. 29, Motion to Affirm
in St. Louis v. State, No.446,2004 at Ex. C) The record also
reveals that counsel advised petitioner that the pornographic
tape would likely have a "negative effect on the jury" because it
"would show that [petitioner] sat around watching pornographic
tapes in his house" with children nearby. Id. According to
counsel, he would have used the tape if petitioner wanted to, but
petitioner did not insist. Id. Based on this record, the court
concludes that counsel made an informed strategic decision to not
use the pornographic tape. Accordingly, the Delaware Supreme
Court reasonably applied Strickland in affirming the Superior
Court's decision.

Furthermore, information regarding petitioner's viewing of
the pornographic tape actually was introduced to the jury, and
the jury still found petitioner guilty of both counts. See St.
Louis, 2004 WL 2153645, at *4 n.10. Thus, the Superior Court's

20

conclusion is reasonable under the <u>Strickland</u> framework because petitioner could not demonstrate a reasonable probability that the outcome of the trial would have been different but for counsel's alleged omission.  In turn, the Delaware Supreme Court did not unreasonably apply <u>Strickland</u> in affirming that decision.

Accordingly, the court concludes that petitioner's ineffective assistance of counsel claims do not warrant federal habeas relief under § 2254(d)(1).

## V.  CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty.  <u>See</u> Third Circuit Local Appellate Rule 22.2.  The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  <u>Slack</u>, 529 U.S. at

21

484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.