## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| JAMES ST. LOUIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 05-187-SLR |
| | ) |
| PERRY PHELPS, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

### MEMORANDUM ORDER

At Wilmington this 13th day of September, 2013, having reviewed the above captioned case;

IT IS ORDERED that petitioner James St. Louis' ("petitioner") Rule 60(b) motions asking the court to reopen his habeas case (D.I. 40; D.I. 44) are **DENIED**, for the reasons that follow:

**1. Background.** In May 2001, a Delaware Superior Court jury convicted petitioner of first degree rape and continuous sexual abuse of child. (D.I. 32 at 1) He was sentenced to an aggregate of forty years of incarceration, suspended after twenty-two years for decreasing levels of supervision. *See St. Louis v. State*, 2002 WL 1160979, at \*1 (Del. May 24, 2003). The Delaware Supreme Court affirmed petitioner's conviction and sentence on direct appeal. *Id.*

2. Petitioner filed a timely application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I. 2) The State filed an answer in opposition. (D.I. 27)

3. The court denied movant's § 2254 application in a memorandum opinion and

order dated April 27, 2006. (D.I. 32; D.I. 33) Petitioner filed a notice of appeal from that decision, which the Third Circuit Court of Appeals denied on December 7, 2006. (D.I. 37)

4. On February 9, 2009, petitioner sought authorization from the Third Circuit to file a successive habeas corpous application pursuant to 28 U.S.C. § 2244(b). *See In re: James St. Louis, et. al.*, Civ. A. No. 09-1375 (3d Cir. Feb. 9, 2009). The Third Circuit denied that application. *See In re: James St. Louis, et. al.*, Civ. A. No. 09-1375, McKee, J., Order (3d Cir. Mar. 12, 2009).

5. In July 2009, petitioner again moved the Third Circuit for permission to file a successive habeas corpus application. *See In re: James St. Louis, et. al.*, Civ. A. No. 09-3120 (3d Cir. July 27, 2009). That request was denied on August 25, 2009, and rehearing was denied on September 23, 2009. *See In re: James St. Louis, et. al.*, Civ. A. No. 09-3120, Chagares, J., Order (3d Cir. Aug. 25, 2009); *In re: James St. Louis, et. al.*, Civ. A. No. 09-3120, Chagares, J., Order (3d Cir. Sept. 23, 2009)

6. Petitioner filed a Rule 60(b) motion on November 13, 2012. (D.I. 40) The State filed an answer on December 21, 2012, alleging that the court should deny the motion for being a second or successive habeas application. (D.I. 43) Petitioner filed another Rule 60(b) motion on January 7, 2013 (D.I. 44), which merely responds to the State's answer by reasserting the same allegations set forth in his first Rule 60(b) motion. Therefore, the court will review the two motions together.

**7. Standard of Review.** A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and

2

request reopening of his case, under a limited set of circumstances including fraud,

mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528

(2005). Rule 60(b) provides that a party may file a motion for relief from a final

judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence by which due diligence could not have been discovered in time to move
> for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
> (4) the judgment is void; (5) the judgment has been satisfied, released or
> discharged, or a prior judgment upon which it is based has been reversed or
> otherwise vacated, or it is no longer equitable that the judgment should have
> prospective application; or (6) any other reason justifying relief from the
> operation of the judgment.

Fed. R. Civ. P. 60(b).

8. Rule 60(b) motions are left to the sound discretion of the trial court, consistent

with accepted legal principles applied in light of all relevant circumstances. *Pierce*

*Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may grant a

Rule 60(b) motion only in extraordinary circumstances,[1] and a Rule 60(b) motion is not

appropriate to reargue issues that the court has already considered and decided.

*Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

9. Additionally, when, as here, a district court is presented with a motion for

reconsideration after it has denied a petitioner's § 2254 application, the court must first

determine if the motion constitutes a second or successive application under the

Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third

Circuit,

---

[1]*Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

3

in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

**10. Discussion.** In his habeas application, petitioner argued that his victims' biological father "took [A] to dinner along with her sister [K] and promised presents, gifts, and many other things if they [would] cooperate with [the prosecutrix] and testify." (D.I. 23 at 3-4) Petitioner also contended that the Delaware Superior Court erred by permitting the jury to view the videotaped statements of his victims during deliberations.

11. Now, petitioner's Rule 60(b) motion asserts that he has newly discovered evidence that supports his earlier contentions that someone tampered with the child victim testimony, that his attorney was aware of the tampering and did nothing, and that both the trial court and the prosecutor erred by allowing that testimony to go before the jury. This "new evidence" is an affidavit sworn to by petitioner in August 2011. (D.I. 40 at 22-25). Petitioner also offers a copy of that same affidavit allegedly sworn to by his son in September 2011. (D.I. 40 at 25-30). Both of these affidavits expand on petitioner's 2005 allegations by adding more detailed descriptions regarding the alleged "tampering" with the victims' testimony.

4

12. Despite petitioner's creativity in characterizing the affidavits as "newly discovered evidence," his attempt to camouflage his current endeavor as something other than a successive habeas request is unavailing. First, in *Gonzalez*, the Supreme Court opined that "a motion . . . seek[ing] leave to present 'newly discovered evidence,' in support of a claim previously denied" is "in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531. Second, petitioner's two requests for permission to file second or successive § 2254 applications that he filed with the Third Circuit in 2009 presented substantially similar claims to the ones presented here, and the Third Circuit denied both requests. Thus, the court concludes that the instant Rule 60(b) motion constitutes a second or successive § 2254 application. *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2254.

13. The record reveals that petitioner did not obtain permission from the Third Circuit Court of Appeals to file the instant motion. Accordingly, the court denies movant's motion as a second or successive habeas application. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding that when a second or successive habeas application is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

14. In addition, even if the court were to treat the instant Rule 60(b) motion as a true motion for reconsideration rather than as a second or successive § 2254 application, the motion does not satisfy the standards outlined in Rule 60(b). To the extent the motion is filed pursuant to Rule 60(b)(2) and (3), it is time-barred because it

was filed well-past the one-year limitations period set forth in Rule 60(c)(1).[2] *See* Fed. R. Civ. P. 60(c)(1). Moreover, to the extent the motion was filed pursuant to Rule 60(b)(6), it was not filed within a reasonable time after the court denied petitioner's habeas application. A fair reading of petitioner's affidavit demonstrates that he was aware of the substance of his allegations prior to his May 2001 trial, and he even incorporated a version of this claim in his 2005 application. Aside from asserting that he was unable to speak with his son until 2011, petitioner has presented no reason for the long delay in filing the instant motion. In addition, the arguments set forth in the instant Rule 60(b) motion are substantially the same arguments petitioner presented to this court in 2005 and to the Third Circuit in 2009.

15. For all of these reasons, the court is not persuaded that the instant situation amounts to the type of "extraordinary circumstances" warranting reconsideration of its prior denial of petitioner's § 2254 application.

16. Finally, to the extent one may be necessary, the court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that petitioner's motions for representation (D.I. 42; D.I. 45) and supplemental motion for representation (D.I. 46) are **DENIED** as moot.

_____

[2]The court denied petitioner's application on April 26, 2006, and he did not file the instant motion until November 13, 2012.

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

UNITED STATES DISTRICT JUDGE

7