IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST. LOUIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 05-187-SLR |
| | ) |
| PERRY PHELPS, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

1. **Background.** In May 2001, a Delaware Superior Court jury convicted petitioner of first degree rape and continuous sexual abuse of child. (D.I. 32 at 1) He was sentenced to an aggregate of forty years of incarceration, suspended after twenty-two years for decreasing levels of supervision. *See St. Louis v. State*, 2002 WL 1160979, at *1 (Del. May 24, 2003). The Delaware Supreme Court affirmed petitioner's conviction and sentence on direct appeal. *Id.*

2. Petitioner filed a timely application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I. 2), which the court denied on April 27, 2006. (D.I. 32; D.I. 33) Petitioner appealed, and the Third Circuit Court of Appeals declined to issue a certificate of appealability on December 7, 2006. (D.I. 37)

3. On February 9, 2009, petitioner sought authorization from the Third Circuit to file a successive habeas corpus application pursuant to 28 U.S.C. § 2244(b). *See In re: James St. Louis, et. al.*, Civ. A. No. 09-1375 (3d Cir. Feb. 9, 2009). The Third Circuit denied that application. *See In re: James St. Louis, et. al.*, Civ. A. No. 09-1375, McKee,

J., Order (3d Cir. Mar. 12, 2009).

4. In July 2009, petitioner again moved the Third Circuit for permission to file a successive habeas corpus application. *See In re: James St. Louis, et. al.*, Civ. A. No. 09-3120 (3d Cir. July 27, 2009). That request was denied on August 25, 2009, and rehearing was denied on September 23, 2009. *See In re: James St. Louis, et. al.*, Civ. A. No. 09-3120, Chagares, J., Order (3d Cir. Aug. 25, 2009); *In re: James St. Louis, et. al.*, Civ. A. No. 09-3120, Chagares, J., Order (3d Cir. Sept. 23, 2009)

5. Petitioner filed a Rule 60(b) motion for reconsideration on November 13, 2012. (D.I. 40)  The State filed an answer on December 21, 2012, alleging that the court should deny the motion for being a second or successive habeas application. (D.I. 43)  Petitioner filed another Rule 60(b) motion on January 7, 2013 (D.I. 44), which merely responded to the State's answer by reasserting the same allegations set forth in his first Rule 60(b) motion.  In a memorandum and order dated September 13, 2013, the court denied both motions.  (D.I. 47)

6. Presently pending before the court is petitioner's third Rule 60(b) motion for reconsideration.  (D.I. 48)

7. **Standard of Review.**  A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

2

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

8. Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may grant a Rule 60(b) motion only in extraordinary circumstances,[1] and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

9. Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied a petitioner's § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner

---

[1]*Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

3

cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

10. **Discussion**. In his habeas application, petitioner argued that his victims' biological father "took [A] to dinner along with her sister [K] and promised presents, gifts, and many other things if they [would] cooperate with [the prosecutrix] and testify." (D.I. 23 at 3-4) Petitioner also contended that the Delaware Superior Court erred by permitting the jury to view the videotaped statements of his victims during deliberations.

11. Movant's instant Rule 60(b) motion re-asserts the arguments he presented in his prior Rule 60(b) motions, namely, that he has newly discovered evidence that supports his earlier contentions that someone tampered with the child victim testimony, that his attorney was aware of the tampering and did nothing, and that both the trial court and the prosecutor erred by allowing that testimony to go before the jury. Petitioner appears to contend that reconsideration is warranted pursuant to Rule 60(b)(1)'s provision for "excusable neglect," and asks that the court "excuse his lack of professionalism [and] look at the merits of these issues." (D.I. 48 at 1, 4)

12. For the same reasons set forth in the court's memorandum and order dated September 13, 2013, the court concludes that the instant Rule 60(b) motion constitutes a second or successive habeas application. *See* (D.I. 47) Once again, petitioner has not provided any indication that he obtained permission from the Third Circuit Court of Appeals to file the instant motion. Accordingly, the court will deny petitioner's motion for

4

lack of jurisdiction.  *See* 28 U.S.C. § 2244(b)(1);  *Robinson*, 313 F.3d at 139 (holding

that when a second or successive habeas application is erroneously filed "in a district

court without the permission of the court of appeals, the district court's only option is to

dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

13.  In addition, even if the court were to treat the instant Rule 60(b) motion as a

true motion for reconsideration rather than as a second or successive § 2254

application, the instant motion does not satisfy the standards outlined in Rule 60(b).

*See* (D.I. 47)  As such, the court is not persuaded that the instant situation amounts to

the type of "extraordinary circumstances" warranting reconsideration of its prior denial

of petitioner's § 2254 application, or its denial of petitioner's earlier Rule 60(b) motions.

14.  Finally, to the extent one may be necessary, the court declines to issue a

certificate of appealability because petitioner has failed to make a "substantial showing

of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2);  *see United States v.

Eyer*, 113 F.3d 470 (3d Cir. 1997);  3d Cir. L.A.R. 22.2 (2011).

15.  **Conclusion.**  For the above reasons, the court will dismiss the instant

application as second or successive.  A separate order shall issue.  *See* Fed. R. Civ. P.

58(a)("every judgment must be set out in a separate document").

Dated: December  11  , 2013

_____
UNITED STATES DISTRICT JUDGE

5